PER CURIAM.
Bruno Joseph Habetz, the plaintiff-in-rule, has appealed from a judgment which reduced his support payments for two young children from $425 to $300 per month. He contends that because he is heavily in debt, has lost money in his farming operations for two consecutive years, and the prospects for profits in the future are bleak, the child support payments should have been terminated entirely.
This rule was filed on April 19, 1983, but was not tried until July 12, 1985, apparently because counsel were in the process of negotiating a settlement. Debra Judice Habetz, defendant-in-rule, is a school teacher and both she and her new husband are gainfully employed. Bruno’s new wife is also employed.
Bruno’s testimony as to his income and expenses is rather vague and leaves much to be desired for determination of the issue of support. Bruno’s tax returns reflect an income of some $24,000 in 1981, a loss after depreciation of approximately $34,000 in 1982, and $245 as his income for 1983. At the trial of the rule, Bruno had no definite figure for his 1984 earnings, but he predicted a loss of $6,000 or $7,000. However, in 1985 he expected to make about $9,700 from his rice and crawfish farming and also some custom harvesting income. He lives in a $110,000 house that he said was mortgaged to his father to secure a $125,-000 note (on which he has paid little in the past two years). He still has borrowing power at his bank, but claims that he has just about reached the limit.
After hearing the testimony of both parties, the trial judge concluded that the defendant needed and that the plaintiff could pay child support; still he reduced the amount from $425 to $300 per month. In Chaudoir v. Chaudoir, 446 So.2d 951, 953 (La.App.3d Cir.1984) we said:
“The trial court is vested with considerable discretion in fixing the amount of child support, and its judgment in this matter will not be disturbed absent an abuse of discretion.
... Fathers and mothers have a mutual obligation to provide for the support, maintenance, and education of their chil-dren_ Pamela contributes substantially toward the support, maintenance, and education of her children, both by contributing a large portion of her salary to their support and by providing them with day-to-day care_ That Robert was unemployed at the time of the hearing does not relieve him of his obligation to support and maintain his children. He will only be excused from this obligation if it appears that he was not only unemployed, but unemployable.” (Authorities omitted.)
We have carefully reviewed the record and do not find that the judge abused his discretion in this instance. Accordingly, the judgment of the district court is affirmed at appellant’s cost.
AFFIRMED.